[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Carl D. Eisenman, Public Defender for Petitioner.
David Shepack, Assistant State's Attorney for the State.
MEMORANDUM OF DECISION
Date of Sentence March 1, 1991 Date of Application March 1, 1991 Date of Application Filed March 1, 1991 Date of Decision February 25, 1992
BY THE DIVISION CT Page 2553
The petitioner was accused of cutting through a screen door at a Torrington house on July 9, 1990 and taking $2,610 in valuables. He elected a trial by jury and was convicted of burglary in the third degree as a persistent larceny offender in violation of Connecticut General Statutes Sections 53a-103 and 53a-40(b), larceny in the fourth degree in violation of Section 53a-125(a), and possession of burglary tools in violation of Section 53a-106(a).
He was sentenced to ten (10) years on the burglary charge and one year concurrent on each of the other two charges, for a total effective sentence of ten (10) years which was to run consecutively to a sentence he was serving. The petitioner was twenty-one (21) years old at the time of his conviction in the instant case and had three prior burglary convictions, one in 1987 and two in 1989.
Petitioner's attorney stresses the offenses were essentially "non-confrontational" in nature, and that a minimum of damage resulted to the property and the victims, noting that the stolen items were recovered and returned to the property owners. The sentence was excessive, according to counsel, and a more appropriate term would be around five and one-half (5 1/2) years.
On the other hand, the state claims the sentence as imposed is fair and proportionate under the circumstances. It CT Page 2554 is pointed out that this is the petitioner's fourth burglary conviction in four years. He was on a home release program when the burglary occurred, and he, in fact, was confronted by the homeowners in two of the other burglaries. Furthermore, he was found to be armed in this as well as some of the other cases. At sentencing, the state had asked for a twelve (12) year sentence and reiterates this request at the review hearing.
The petitioner spoke on his own behalf and asked that the division note that his record consists soley of "non-violent" crimes his area of specialty being house burglaries. He urges us to adopt his attorney's suggestion and reduce his sentence to five and one-half (5 1/2) years.
We affirm the sentence. The judge's sentencing remarks clearly demonstrate a thorough consideration of the nature of the offenses, the petitioner's prior criminal history and the need to protect the community from the scourge of those who break in and steal from people's houses:
 "The court is of the opinion that his history and character, the nature and circumstances of his criminal conduct indicate that extended incarceration will best serve the public's interest. . . . . [A]lthough the court believes there is a chance for Mr. Zeller, that he is intelligent, he can turn his life around, it has to consider the safety of the community and the right of the people when they leave their houses in the morning or over the weekends or whatever, they do not expect when they come home to find the house has been broken into and their property stolen."
Applying the factors listed in Practice Book Section 942, we find the sentence imposed to be appropriate and proportionate.
The sentence is affirmed
STANLEY, JUDGE
PURTILL, JUDGE
KLACZAK, JUDGE